RICHARD D. GARON, PLAINTIFF-APPELLANT, v. JAMES G. BECKER, H. J. WAGNER, THEODORE J. BOZARTH, DALLAS R. JOBES AND W. H. BRYANT, DEFENDANTS-RESPONDENTS.

Submitted January 18, 1938—Decided March 24, 1938.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and PARKER.

For the plaintiff-appellant, *Herbert S. Killie* (*Howard G. Stackhouse*, of counsel).

For the defendants-respondents, *James G. Becker, Dallas R. Jobes* and *Powell & Parker*.

BROGAN, CHIEF JUSTICE. The plaintiff appeals from a judgment entered for the defendants, the jury having returned a verdict in their favor. The suit was on a promissory note. The issue was whether the defendants signed as makers thereof. The instrument, a three-month note for the sum of one thousand ($1,000) dollars, carried no signature on its face, but on the reverse side thereof five signatures appear, two of them admittedly the signatures of the defendants below.

The defense was that the parties charged signed as endorsers and that they had no notice of non-payment. Plaintiff admitted that notice of protest was not given to the defendants.

This case was tried before, at which time the trial court, on the theory that these defendants signed as endorsers, ordered a nonsuit. That judgment was reversed by this court (*Garon* v. *Becker et al.,* 118 *N. J. L.* 98), on the general proposition that it was a fact question whether the defendants signed as endorsers or makers.

On this appeal thirty-five grounds appear in the record as reasons for reversal. They are not argued as such. Instead the appellant argues at large that the location of the defendants' signatures upon the back of the instrument "does not in any way affect their primary and direct liability; that they could in no sense lawfully be construed as endorsers because otherwise there would be no maker of the note and that there cannot, in reason or in law, be an endorser or secondary liability without there being a maker or primary liability." This does not at all follow. A proposed note may be signed by one as endorser before its execution by the intended maker. In fact, an endorsement may be written on a blank paper before the bill is drawn. *Randolph on Com-*

*mercial Paper,* § 668, and cases cited therein. And so, in our judgment, the fact that the note, so called, had no signature on its face does not mean that those who signed on the reverse side are to be regarded as makers or primarily liable as a matter of law. If the testimony of the defendants below is correct (and the jury found that it was), it follows that the note in question was never made. The appellant also urges that the court admitted testimony which resulted in the alteration of the written instrument by parol, and that this was error, relying on the case of *Naumberg* v. *Young,* 44 *N. J. L.* 331, and other cases of like significance.

We recognize, of course, that a written contract cannot be varied or contradicted by evidence respecting an oral agreement made by the parties that would accomplish this purpose, and that this rule applies to negotiable instruments. That rule yields to a situation where a contract is uncertain, ambiguous and incomplete. In the situation before us, we think that parol evidence was admissible to show that the signatures of the defendants were placed on the reverse side of the instrument as makers or endorsers since it is not clear in what capacity the defendants intended to sign. Their liability, from an inspection of the instrument, was not unequivocal.

The plaintiff in this case had the burden, under the circumstances, of showing that the defendants were makers. His testimony on this issue is far from conclusive that they signed as makers. In his direct testimony, we find the following: "*Q.* And what did you say? *A.* I said I wouldn't loan $1,000 to the United Textile Mill, * * *. I wanted two good endorsers, and I asked for Jobes and Becker. I didn't ask for the other three." Again, "*Q.* Was the note made up at that time? *A.* No, they was the makers of the note." And again, "*Q.* And who signed it? *A.* These five endorsers." The defense was that the defendants had signed as endorsers. The capacity in which they signed was an issue of fact which was left to the jury. We perceive no error in the judgment.

The judgment will be affirmed, with costs.